IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KYLE J. MCDONALD,

        Petitioner,

vs.

SCOTT R. FRAKES,

        Respondent.

8:19CV312

MEMORANDUM AND ORDER

     Pending before me is Respondent's motion for summary judgment claiming Petitioner Kyle J. McDonald's habeas petition is barred by the limitations period set out in 28 U.S.C. § 2244(d). Respondent is correct, and the motion will be granted. Also pending before me are McDonald's motions requesting consideration of additional exhibits. (Filings 17 & 22.) Those motions will be granted but they do not make a difference.

## I. FACTS

     1.    On November 18, 2015, pursuant to a plea agreement with the State, Petitioner Kyle J. McDonald pled no contest to two counts of first degree sexual assault of a child, a Class IB felony, in the District Court of Scotts Bluff County, Nebraska ("state district court"). (Filing 14-3 at CM/ECF pp. 26–27, 33–36.)

     2.    The state district court sentenced McDonald to concurrent prison sentences of 20 to 30 years on each count of first degree sexual assault of a child. (*Id*. at CM/ECF pp. 38–40.)

     3.    McDonald filed a direct appeal, and on April 26, 2016, the Nebraska Court of Appeals affirmed McDonald's convictions and sentences by sustaining

the State's motion for summary affirmance. (Filing 14-1 at CM/ECF p. 4.) McDonald filed a timely petition for further review, which was denied by the Nebraska Supreme Court on June 15, 2016. (*Id.*) The mandate issued on June 29, 2016. (*Id.*)

4. On May 1, 2017, McDonald filed a motion for postconviction relief in the state district court. (Filing 14-5 at CM/ECF pp. 6, 11–25.) On December 11, 2017, the state district court filed a written order denying postconviction relief without an evidentiary hearing. (Filing 14-4 at CM/ECF pp. 2–7.)

5. On December 23, 2017, McDonald received a letter dated December 19, 2017 from the clerk of the state district court providing him with a copy of the state district court's order filed on December 11, 2017. (Filing 18 at CM/ECF p. 7; Filing 22 at CM/ECF p. 5.)

6. On January 16, 2018, Petitioner claims he sent a "Notice for Permission to Appeal" to the state district court clerk and the Clerk of the Nebraska Supreme Court and Nebraska Court of Appeals ("appellate clerk"). (Filing 18 at CM/ECF p. 7; Filing 20-1.) In a letter dated January 19, 2018, the appellate clerk responded that McDonald did not have any pending appeals and informed him that, if he wished to file an appeal, he must file a notice of appeal and accompanying fee or poverty affidavit with the clerk of the trial court. (Filing 20-3.)

7. On January 30, 2018, McDonald again sent a notice of appeal to the appellate court. (Filing 20-2.) The appellate clerk sent McDonald another letter declining his notice and re-advising him of the proper procedure for docketing an appeal. (Filing 20-4.)

8. On February 20, 2018, the clerk of the state district court sent McDonald a letter which stated the following:

> We are in receipt of the Appeal you sent to the Court in this matter dated February 5, 2018. However, you did not provide any form of payment for the Appeal or any In Forma Pauperis documents in order to file without cost to you. I am returning your original Appeal and ask that you file it with payment or proper In Forma Pauperis paperwork.

(Filing 22 at CM/ECF p. 12.)

9. McDonald finally perfected his appeal on March 13, 2018.[1] (Filing 20-2; Filing 20-5; Filing 14-2 at CM/ECF p. 2.) After McDonald filed his brief on appeal, the State moved to summarily dismiss the appeal for lack of jurisdiction. (Filing 14-2 at CM/ECF pp. 2–3.) The Nebraska Court of Appeals then dismissed McDonald's appeal on its own motion because it was filed more than 30 days after the December 11, 2017 state district court order. (*Id*. at CM/ECF pp. 3–4.) The appellate court also overruled the State's motion for summary dismissal as moot. (*Id*. at CM/ECF p. 3.) The Nebraska Supreme Court denied McDonald's timely petition for further review and the mandate was issued on July 27, 2018. (*Id*. at CM/ECF p. 4.)

10. McDonald's habeas petition was filed with this court on July 15, 2019. (Filing 1.) McDonald averred that he placed his habeas petition in the prison mailing system on July 10, 2019. (*Id*. at CM/ECF p. 17.)

## II. ANALYSIS

Respondent submits that McDonald's habeas petition must be dismissed because it was not timely filed and is barred by the limitations period set forth in 28 U.S.C. § 2244(d). I agree.

---

[1] I note that the order allowing McDonald to proceed in forma pauperis on his postconviction appeal is dated February 15, 2018 but was not file stamped until March 13, 2018. (Filing 20-5.)

3

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Here, McDonald's conviction became final on September 13, 2016, which is ninety days after the Nebraska Supreme Court denied McDonald's petition for further review and McDonald's deadline to petition for a writ of certiorari with the United States Supreme Court expired.[2] *See Gonzalez v. Thaler*, 656 U.S. 134, 150

---

[2] Rule 13 of the Supreme Court Rules states in pertinent part: "Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the Armed Forces) is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. . . . The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or

(2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires."); *King*, 666 F.3d at 1135 ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing Sup. Ct. R. 13.1). Accordingly, the one-year limitations period began to run from September 13, 2016 and not, as McDonald argues, from September 29, 2016 which is allegedly 90 days after the mandate issued on direct appeal.

The statute of limitations was tolled beginning on May 1, 2017 when McDonald filed his motion for postconviction relief. However, McDonald disputes Respondent's position that the tolling period ended on December 11, 2017, when the state district court entered its order denying postconviction relief and McDonald failed to file a timely appeal. *See Evans v. Chavis*, 546 U.S. 189, 191 (2006) (holding that a state postconviction application is "pending" in the interval between a lower court's adverse determination and the prisoner's filing of an appeal, "*provided that* the filing of the notice of appeal is timely under state law"); *see also Allen v. Frakes*, No. 4:14CV3049, 2015 WL 1470343, at *2 (D. Neb. Mar. 31, 2015).

McDonald argues that his postconviction appeal was timely filed because he received the order on December 23, 2017 and filed the notice of appeal within 30 days on January 19, 2018. He is wrong as Nebraska law required McDonald's notice of appeal to be filed within 30 days of the entry of the state district court's order, that is by January 10, 2018. *See* Neb. Rev. Stat. § 25-1912(1). Moreover, even giving McDonald the benefit of the entire postconviction appeal period for tolling purposes, McDonald's habeas petition would still be untimely filed. The mandate on the postconviction appeal issued on July 27, 2018. Because 230 days had already expired on the statute of limitations clock before McDonald filed his

---

order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."

5

postconviction motion on May 1, 2017, McDonald would have had 135 days in which to file his habeas petition or until December 10, 2018. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (holding "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). McDonald did not file his habeas petition until, at the earliest, July 10, 2019,[3] well outside the one-year statute of limitations period.

To the extent that McDonald is arguing a state-created impediment based on his delayed receipt of the postconviction order on December 23, 2017, his argument fails as he gives no indication that the State did anything to prevent him from filing his notice of appeal by the January 10, 2018 deadline.

Nor has McDonald demonstrated that he is entitled to equitable tolling of the statute of limitations. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). All of McDonald's arguments focus on his failure to file a timely state postconviction appeal. However, he does not argue, nor do I find, any circumstance prevented him from filing his federal habeas petition. McDonald, without any explanation, waited almost an entire year after his postconviction appeal concluded to seek habeas relief in this court. Accordingly, I find no reason to warrant the application of equitable tolling to the limitations period.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district

---

[3] For the sake of argument, I have assumed that McDonald is entitled to the benefit of the prison mailbox rule.

court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). I have applied the appropriate standard and determined that McDonald is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (filing 13) is granted.

2. Petitioner's habeas petition (filing 1) is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

3. Petitioner's motions requesting consideration of additional documents (filings 17 & 22) are granted.

4. The court will not issue a certificate of appealability in this matter.

5. A separate judgment will be entered.

Dated this 17th day of August, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge