IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KYLE J. MCDONALD,<br><br>    Petitioner,<br><br>  vs.<br><br>SCOTT R. FRAKES,<br><br>    Respondent. | 8:19CV312<br><br>MEMORANDUM AND ORDER |

  This matter is before the court on Petitioner Kyle J. McDonald's Motion to Alter or Amend (filing 25) the August 17, 2020 Memorandum and Order and Judgment (filings 23 & 24) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. McDonald's motion was timely filed on September 14, 2020. *See* Fed.R.Civ.P. 59(e) (A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment.").

  Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id*.

  Here, McDonald asserts that the court erred in determining that his habeas petition was barred by the one-year statute of limitations in 28 U.S.C. § 2244(d) and that he was not entitled to equitable tolling. McDonald argues he "is entitled to equitable tolling because he has pursued his rights diligently and extraordinary State created impediments stood in his way that prevented timely filings of his postconviction appeal and petition for a writ of habeas corpus in this Court." (Filing 25 at CM/ECF p. 1, ¶ 2.) In support of this assertion, McDonald reiterates his previous argument that the state district court clerk's delay in providing him

notice of the December 11, 2017 denial of his postconviction motion constituted an extraordinary state-created impediment. McDonald additionally claims that delays caused by the Nebraska State Penitentiary's ("NSP") failure to timely process mail, holiday closures of the U.S. Postal Services, the state appellate court clerk's failure to forward his Notice of Appeal to the state district court, and the state district court's failure to timely rule on and file his application to appeal in forma pauperis and notice of appeal constitute state-created impediments that prevented him from timely filing his postconviction appeal. McDonald cannot present new arguments in this Rule 59(e) motion that could have been raised prior to the court's entry of summary judgment. In any case, none of the arguments raised demonstrate that some extraordinary state-created impediment prevented McDonald from filing his postconviction appeal by the January 10, 2018 deadline.

McDonald further argues that numerous lockdowns at the NSP and closures of the NSP law library constitute state-created impediments that warrant equitable tolling of the limitations period. McDonald did not argue the lockdowns and lack of library access as a basis for equitable tolling in his response to Respondent's summary judgment motion and, thus, his arguments cannot serve as grounds for Rule 59(e) relief now. Even if the court liberally construes McDonald's earlier pleadings as raising these issues (*see* filing 22 at CM/ECF pp. 7–10), the evidence McDonald presents fails to establish that the NSP lockdowns or law library closures prevented McDonald from filing his habeas petition within the limitations period. The documents submitted by McDonald show lockdowns or restricted movement schedules from April 12, 2017 to April 20, 2017; January 29, 2018 to February 1, 2018; and October 28, 2019 to October 30, 2019. (Filing 25-1.) These temporary lockdowns of relatively short duration do not suggest an extraordinary state-created impediment that would have prevented McDonald from filing his petition, particularly given the fact that McDonald was able to file his state postconviction motion on May 1, 2017, and was also sending documents related to his postconviction appeal in late January 2018. (*See* Filing 14-5 at CM/ECF pp. 6, 11–25; Filing 20-2.)

Upon careful consideration, the court concludes McDonald has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's judgment dismissing his habeas petition with prejudice and denying a certificate of appealability. He has not shown that the dismissal was the result of manifest error of law or fact and, thus, has failed to establish sufficient grounds for setting aside the court's judgment under Rule 59(e).

IT IS THEREFORE ORDERED that: Petitioner Kyle J. McDonald's Motion to Alter or Amend pursuant to Fed. R. Civ. P. 59(e) (filing 25) is denied.

Dated this 17th day of September, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge